IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

GERALD G. ABBOTT, et al.,

    Plaintiffs

vs.

MONSANTO COMPANY, et al.,

    Defendants

CIVIL ACTION NO.

CV-97-AR-2515-E

FILED 97 DEC 18 AM 10: 47 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED DEC 1 8 1997

MEMORANDUM OPINION

Before the court are: (1) plaintiffs' motion to remand the above entitled action; (2) defendant Blake Hamilton's ("Hamilton") motion to dismiss as against him; and (3) defendants' motion to strike the affidavits of Arnold Schecter, Richard Ellis and Mark H. Hermanson that were submitted by plaintiffs in support of their motion to remand.  The court finds that Blake Hamilton is a proper defendant and therefore his motion to dismiss will be denied.  Because Hamilton destroys this court's diversity of citizenship jurisdiction, plaintiffs' motion to remand will be granted.  Finally, defendants' motion to strike is deemed moot because this court was able to resolve the present dispute without reference to the affidavits in question.

Plaintiffs sue Monsanto Company, ("Monsanto") and its employee, Hamilton, under various state law tort theories for injuries allegedly sustained from defendants' release of purportedly harmful chemical substances into the ground, water and air

16

surrounding the Anniston, Alabama plant. Hamilton, the current manager at the Anniston plant, claims that he was fraudulently joined as a defendant.

To prevail on his fraudulent joinder claim, Hamilton must show that "there is no possibility the plaintiff[s] can establish a cause of action against [him, or that] the plaintiff[s] ha[ve] fraudulently pled jurisdictional facts to bring [him] into state court. [Hamilton's] burden...is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted and emphasis supplied). He must present "clear and convincing evidence" that his joinder was fraudulent. *Lane v. Champion Int'l Corp.*, 827 F. Supp. 701, 706 (S.D. Ala. 1993) (citing *Parks v. New York Times, Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949, 84 S. Ct. 964 (1964)).

Hamilton does not argue that plaintiffs have fraudulently plead jurisdictional facts to bring him into state court. Therefore, he must satisfy the court that plaintiffs have no chance whatsoever of establishing a cause of action against him. To support such a contention, he cites to one paragraph in plaintiffs' brief, submitted in support of their motion to remand, as evidence that their claim arises solely from past, rather than continuing conduct. In that paragraph plaintiffs

2

describe some of the facts that give rise to the present lawsuit by using verbs in the past tense. Based upon the language in this paragraph he argues that plaintiffs' lawsuit is based upon conduct that occurred before Hamilton became the plant manager on May, 22, 1997. Prior to becoming Anniston plant manager, he was employed outside the state of Alabama and therefore had no control of the Anniston operation during the alleged toxic exposure about which plaintiffs complaint.

Hamilton's argument fails, however, because he provides no evidence, much less clear and convincing evidence, that plaintiffs' complaint arises solely from conduct which occurred prior to May 22, 1997. The complaint explicitly and repeatedly avers that Monsanto has released and continues to release harmful chemicals into the ground, water and air surrounding the Anniston plant. *E.g.*, Compl. ¶ 7, 8, 24 . Plaintiffs also allege that defendants have "willfully allowed said substances to remain in said areas." *Id*. at 14, 15. These allegations clearly implicate both the past conduct of Monsanto and the present conduct of both Monsanto and Hamilton, as plant manager. Moreover, plaintiffs seek a permanent injunction to prevent, *inter alia*, further disposal of allegedly harmful substances. *Id*. at 38. Such relief would be unnecessary were there no allegations of continuing conduct. Without any evidence that Hamilton is not

3

responsible for the current operations of the Anniston plant, or that plaintiffs are barred from asserting their claims against him individually, Hamilton has not met his burden on the fraudulent joinder claim. Consequently, dismissal of the action as against Hamilton is inappropriate and, the case must be remanded because in-state resident defendant Hamilton destroys complete diversity.

An appropriate, separate order will be entered.

DONE this 18 day of December, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE